DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.
*v.* BOOMER.

1. CONTRIBUTION—JOINT TORTFEASORS.

   As between actual joint tortfeasors the law will not enforce contribution or indemnity.

2. SAME—INDEMNITY.

   The exception to the general rule, that whenever the wrongful act of one person results in liability being imposed on another the latter may have indemnity from the person actually guilty of the wrong, is not applicable in favor of one guilty of active negligence.

3. SAME.

   So, where plaintiff railroad company was guilty of active negligence in switching cars resulting in personal injuries for which a judgment was obtained against it, an action for contribution could not be maintained against defendant, although he was also guilty of negligence contributing to the injury in leaving sand upon the track, contrary to the provisions of a contract relied upon by plaintiff.

Error to Wayne; Codd, J. Submitted October 17, 1916. (Docket No. 157.) Decided December 21, 1916.

Assumpsit by the Detroit, Grand Haven & Milwaukee Railway Company against Isaac Boomer for the amount of a judgment and costs. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Harrison Geer,* for appellant.

*George H. Prentis* (*Prentis & Mulford,* of counsel), for appellee.

This suit was brought against the defendant to recover the amount of a judgment, costs, and interest, amounting to the sum of $1,717.46, paid by the plain-

tiff as the result of a suit brought by one Casimir Glappa against it. See *Glappa* v. *Railroad Co.*, 179 Mich. 76 (146 N. W. 134).

It appears that the defendant is engaged in the builders' supply business, having his yard nearly east of and adjoining the plaintiff railroad company's right of way between Forest and Garfield avenues in the city of Detroit. This suit is based on a contract entered into between the plaintiff and defendant for the construction of a private side track on the property owned by Boomer. The two material paragraphs of the contract relied upon are as follows:

"Par. 10. The contractor shall protect the railway of the company from cattle and other animals escaping thereupon from such portion of the said siding as may be outside of the lands of the company and shall at all times keep the whole of the said siding clear of snow, ice and obstructions."

"Par. 21. The contractor shall keep a distance of six feet from each side of the said siding, free and clear of all obstructions, and forthwith remove any obstructions which may be within such limit.

"This shall not apply to a certain telegraph pole which is allowed to be within said distance."

On October 20, 1910, while the railroad company's servants were switching cars on the siding, one of the cars in the train jumped the track, injuring Glappa, who was working on a wagon alongside the track. He brought suit against the plaintiff and defendant jointly, but upon the hearing after the proofs were taken he was compelled to elect against which defendant he would proceed. He chose to proceed against the railroad company and recovered the judgment above referred to.

On the present trial, after all the proofs were in, both sides moved for a directed verdict, and the learned trial judge thereupon directed a verdict of no cause of action on the ground that the plaintiff and defend-

ant were joint tortfeasors and the one could not recover against the other. The plaintiff and appellant contends that this is error, and that a verdict should have been directed for the plaintiff as requested.

KUHN, J. (*after stating the facts*). In the case determining the liability of the plaintiff at the suit of Glappa, it was contended by the railroad company that there was no negligence shown on its part. Mr. Justice BROOKE, in writing the opinion of this court, in discussing this question, said:

"It does not, however, therefore necessarily follow that the defendant railway was free from negligence. The mere presence of the sand upon the track was no menace to the plaintiff. If the cars had not been moved, the plaintiff would not have been injured. It was the alleged negligent movement of the cars over the accumulated sand which caused the injury."

This determines actionable negligence on the part of the plaintiff and was the active negligence which was directly responsible for Glappa's injuries. The railroad company, in order to sustain its claim in this action, contends that Boomer was negligent. We think it thus clearly appears and is established that the plaintiff and defendant were joint tortfeasors.

As between actual joint tortfeasors the law will not enforce contribution or indemnity. This exception to the general rule, that whenever the wrongful act of one person results in liability being imposed on another the latter may have indemnity from the person actually guilty of the wrong, has recently had the consideration of this court in the case of *Township of Hart* v. *Noret*, 191 Mich. 427 (158 N. W. 17). In this opinion the subject was discussed and a great many cases cited, and that class of cases are especially referred to which are exceptions to the rule that where parties are in *pari delicto* the one cannot recover

against the other.  We do not think, however, that the case before us comes within any of the exceptions, as we have determined in the previous case that the railroad company was actively negligent, and therefore conclude that the circuit judge was correct in holding that no recovery could be had by the plaintiff against the defendant and directing a verdict accordingly.

The judgment is affirmed.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.  PERSON, J., did not sit.