### LOUX *v.* HARRIS.

1. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—MOTOR-VEHICLE LAW NOT APPLICABLE.

In a common-law action against a master for personal injuries caused by the negligent operation of an automobile by a servant while about his master's business, the motor-vehicle law (1 Comp. Laws 1915, § 4825) has no application to limit the master's liability for the tort of his servant.

2. SAME—MASTER LIABLE ALTHOUGH SERVANT DISOBEYED INSTRUCTIONS.

If an agent commits a tort in the course of his employment, the principal is liable therefor even though he was ignorant thereof and the agent in committing it exceeded his actual authority or disobeyed the express instructions of his principal.

3. SAME—SERVANT WITHIN SCOPE OF EMPLOYMENT ALTHOUGH DISOBEYING INSTRUCTIONS.

A servant is within the scope of his employment, although conducting his master's business in a manner contrary to instructions.

On making *prima facie* case of responsibility for negligence of driver of automobile by proof of defendant's ownership of car of employment of driver, see notes in 46 L. R. A. (N. S.) 1091; L. R. A. 1918D, 924.

On master's liability for servant's acts within scope of employment, notwithstanding his disobedience of orders, see note in 27 L. R. A. 181.

4. SAME—DISOBEDIENCE OF SERVANT NO DEFENSE TO TORT ACTION
—SCOPE OF EMPLOYMENT.

> Where defendant was engaged in the business of selling
> gasoline as well as renting automobiles to be driven by
> the renters, it was no defense to an action for a tort
> committed by a servant while returning from delivering
> gasoline to a stranded driver of a rented car out in the
> country that defendant had expressly instructed said
> servant not to leave the garage but to notify him in case
> any driver was in trouble, since the tort of the servant
> was committed while he was about the master's business.

Error to Kent; Perkins (Willis B.), J. Submitted
January 23, 1924. (Docket No. 125.) Decided
March 5, 1924.

Case by Pauline Loux against Claude Harris for
personal injuries. Judgment for defendant on a
directed verdict. Plaintiff brings error. Reversed.

*John M. Dunham,* for appellant.

*Cornelius Hoffius* and *Dorr Kuizema,* for appellee.

WIEST, J. September 30, 1922, defendant owned
and operated an automobile garage in Grand Rapids
where, upon depositing money, persons were rented
automobiles to be driven by themselves. He also sold
gasoline. His garage was open nights. Gerrit
Wagner was in his employ in charge of the garage as
night man, with instructions not to leave the garage,
drive any automobile, or to go to help any renter in
trouble. About 11 o'clock that night a party who
rented one of defendant's automobiles telephoned the
garage that he was out in the country near the
Soldiers' Home and had run out of gasoline. Wagner
asked an employee of defendant at another garage,
who happened to be present, to see to the garage, and
drove one of defendant's automobiles with gasoline
to the stranded renter, and while returning to the
garage struck and injured plaintiff.

We are not concerned with the particulars of the accident. At the trial plaintiff called defendant and Wagner as witnesses and their testimony disclosed that Wagner's act was in violation of instructions to not leave the garage or use any automobile and to notify defendant if any renter was in trouble that defendant might attend personally to the matter. The learned circuit judge, finding no disputed question of fact, held defendant not liable for Wagner's act, and directed the jury to render a verdict of not guilty.

Plaintiff assigns error, claiming the jury should have been allowed to pass upon the testimony and that, as a matter of law, defendant was liable under the facts. Disposition of the last point will render the first one of no consequence. The case seems to have been tried on the theory that the motor vehicle law relative to civil actions (1 Comp. Laws 1915, § 4825) governed the question of defendant's liability. In directing the verdict, the trial judge said:

"The statute relative to actions for damages for negligence provides however that in substance the owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of said motor vehicle whether such negligence consists in a violation of the provisions of the statute of this State or in the failure to observe such ordinary care in such operation as the common law requires; provided, that the owner shall not be liable unless said motor vehicle is being driven by the express or implied consent or knowledge of such owner."

Defendant insists, notwithstanding the relation of master and servant, the trial judge was right in directing a verdict under the undisputed evidence because the servant was driving the automobile in disobedience of instructions.

The declaration charged defendant with liability as master of Wagner. Defendant admitted the relation, denied Wagner was acting within the scope of his em-

ployment and had verdict in his favor because Wagner disobeyed his instructions.    Was the trial judge in error in directing a verdict for defendant?   The motor vehicle law mentioned has no bearing on the case. That law expressly provides:

"Nothing in this act shall be construed to curtail or abridge the right of any person to prosecute a civil action for damages by reason of injuries to person or property resulting from the negligence of the owner or operator or his agent, employee or servant, of any such motor vehicle, or resulting from the negligent use of the highway by them or any of them."

This suit is an action by a third person against the owner of an automobile for a tort committed by a servant while about his master's business.    The motor vehicle statute extends liability of an owner to cases other than master and servant where an injury is occasioned by the negligent operation of an automobile "being driven by the express or implied consent or knowledge of such owner."    This, however, is a common-law action against a master for the negligence of his servant while about the master's business and, in considering the legal questions, the statute relied. upon in the court below must be laid entirely aside. An extended examination of text books and case law upon the subject of liability of a master for torts of a servant discloses quite general agreement upon certain principles.    Some of such principles will be mentioned for we intend to apply them.

Selling gasoline was a part of defendant's business and, therefore, within the scope of Wagner's employment.    Wagner violated instructions in taking the gasoline to the stranded renter of one of defendant's cars.    In doing this was he about the business of defendant or was his act a severance in and of itself of his relation to his master's business?    Was he driving on his master's business?    Certainly he was not driving on his own affairs.    Disobedience of how

to handle business placed in his charge did not relieve the master. The liability of defendant depends upon whether Wagner, in taking gasoline to the renter of one of defendant's cars, was acting within the scope of his employment.

In *Riley* v. *Roach,* 168 Mich. 294, 307 (37 L. R. A. [N. S.] 834), it was said:

"The phrase 'in the course or scope of his employment or authority,' when used relative to the acts of a servant, means while engaged in the service of his master, or while about his master's business."

See, also, *Hartley* v. *Miller,* 165 Mich. 115 (33 L. R. A. [N. S.] 81) ; *Brinkman* v. *Zuckerman,* 192 Mich. 624; *Hill* v. *Haynes,* 204 Mich. 536.

Wagner was authorized to sell gasoline at the garage. He made a sale of what he was employed to sell but delivered the article in disobedience of instructions given him by his master, and employed defendant's vehicle in doing so, contrary to the master's instructions. He was, therefore, about his master's business but acting in a forbidden way. Wagner's disobedience in not notifying the defendant and in leaving the garage and using the automobile did not place him outside of the scope of his employment.

As stated in 2 C. J. p. 848:

"If the agent commits a tort in the course of his employment the principal is liable therefor even though he was ignorant thereof and the agent in committing it exceeded his actual authority or disobeyed the express instructions of his principal."

In *Defoe* v. *Stratton* (N. H.), 114 Atl. 29, the servant was employed to carry passengers in Ford cars and expressly forbidden to use the master's Cadillac car. While driving the Cadillac car, in disobedience of orders, he injured a third party and the master claimed he was not liable. The court said:

"A master is liable for acts done by his servants in

the prosecution of the work they are employed to do, even though the particular act is in violation of orders given by the master.   *   *   *   It is contended by the defendant that, as he had forbidden Jalbert's use of this car, such use would be outside the scope of Jalbert's employment, and the defendant would not be liable.    This argument would defeat a recovery in every case where the servant acts in violation of orders.    It ignores the distinction between what work the servant was employed to do and the method employed in doing the work."

This does not conflict with the holding in *Riley* v. *Roach, supra,* for there the servant, in taking the car in disobedience of the master's instructions, was not using it in the business of the master.

In *Rosenstein* v. *Automobile Co.,* 192 Iowa, 405 (180 N. W. 282), the servant was given positive instructions not to take automobiles out of the garage where he was employed.    And it was claimed the servant in causing an accident, while driving a car left in the garage for repair, was not acting within the scope of his employment, which was expressly confined to duties to be performed in the garage building.    The court, however, said:

"The rule is that a master is responsible for wrongful acts of the servant committed in the business of the master and within the scope of his employment, even though the servant, in doing the act, departed from the instructions of the master."

In *Smith* v. *Yellow Cab Co.,* 173 Wis. 33 (180 N. W. 125), a taxicab driver, in violation of his master's instructions, took passengers outside of a city and, while returning, caused an accident.    It was claimed the servant was outside the scope of his employment. In passing on this claim the court said:

"If it were true that a servant is outside the scope of his employment whenever he disobeys the orders of his master the doctrine of *respondeat superior* would have but scant application, for the master could

always instruct his servant to use ordinary care under all circumstances. The servant's negligence would therefore always be contrary to orders and the non-liability of the master would follow. But such is not the law. The servant is within the scope of his employment when he is engaged in the master's service and furthering the master's business though the particular act is contrary to instructions. The purpose of the service rendered by the employee, and not the method of performance, is the test of whether or not the servant is within the scope of his employment. If the purpose is to further the master's business and not that of the servant, the latter is within the scope of his employment though he be negligent or disobeys orders as to the method of its execution."

Berry, Law of Automobiles (3d Ed.), § 1054, states the rule:

"The mere fact that the servant, acting for the master, deviates from his instructions, does not take the act out of the scope of his employment. The test is whether the act was done in the prosecution of the business in which the servant was employed to assist. He may be acting within the scope of his employment although disobeying the express commands of the master at the time. The question of the ignorance or consent of the master has no bearing upon his liability."

See, also, Huddy on Automobiles (6th Ed.), § 628.

In *Luckett* v. *Reighard,* 248 Pa. St. 24 (93 Atl. 773, Ann. Cas. 1916A, 662), it was stated:

"The test of liability is whether the servant at the time of the plaintiff's injury was acting within the scope of his authority in furtherance of his master's business. The master, however, may not be relieved of liability for the tortious act of his servant when acting for him in furthering his business, although he is acting contrary to instructions and the act was done by the servant at a place to which the performance of his duty did not necessarily call him. The master is responsible for the negligent acts or omissions of his servants in the course of their employ-

ment, though unauthorized or even forbidden by him, and although outside their 'line of duty,' and without regard to their motives."

See Babbitt, Law of Motor Vehicles (3d Ed.), § 1213.

A servant is within the scope of his employment, although conducting his master's business in a manner contrary to instructions. *Fitzsimmons* v. *Railway Co.*, 98 Mich. 257.

In the case at bar the servant deviated from instructions in selling and delivering gasoline outside of the garage, and in failing to notify his master of the renter's trouble so that the master might give the matter his personal attention, disobeyed the master in leaving the garage and violated express injunction in using the automobile to deliver the gasoline. But such deviation from the instructions and disobedience by the servant constituted no defense to the tort committed by the servant in the course of his employment. The tort of the servant was committed while he was about the business of his master and not while on any affair of his own. The case should have been left to the jury.

The learned circuit judge was in error in directing the verdict in favor of defendant. The judgment entered in the circuit is reversed and a new trial granted with costs to plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. McDONALD, J., did not sit.