PROVENCAL v PARKER

OPINION OF THE COURT

1. INDEMNITY—EQUITY—RESTITUTION.

Indemnification rests upon the equitable principle of a right to restitution; a person may have indemnity where the wrongful act of another results in liability being imposed on the person seeking indemnity.

2. INDEMNITY—ACTIVE NEGLIGENCE—PLEADING.

A party seeking indemnity must plead and prove freedom on his part from personal fault; the party must be free from active or causal negligence.

3. INDEMNITY—TORTS—JOINT TORTFEASORS.

There is no right of indemnification between actual joint tortfeasors or tortfeasors in pari delicto.

4. INDEMNITY—ACTIVE NEGLIGENCE.

A claim for indemnity will lie only against a party guilty of active negligence.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indemnity § 2.

[2] 41 Am Jur 2d, Indemnity §§ 15, 16.
Validity of contractual provision by one other than carrier or employer for exemption from liability, or indemnification, for consequences of own negligence. 175 ALR 8.

[3–5] 41 Am Jur 2d, Indemnity §§ 11, 19 et seq.
Right of tortfeasor guilty of only ordinary negligence to be indemnified by one guilty of intentional wrongdoing, wanton misconduct, or gross negligence. 88 ALR2d 1355.

[6] 8 Am Jur 2d, Automobiles and Highway Traffic § 582.

[7, 9, 11] 41 Am Jur 2d, Indemnity §§ 18, 22.
53 Am Jur 2d, Master and Servant §§ 405, 408.

[8, 9, 11] 53 Am Jur 2d, Master and Servant § 417 et seq.

[10, 11] 53 Am Jur 2d, Master and Servant § 403.

[11] Employer's right of action against third person tortiously killing or injuring employee. 57 ALR2d 802.

5. Indemnity—Active Negligence—Violation of Duty—Primary Cause.

A claim for indemnity against a party guilty of active negligence arises where two parties are liable to an injured person, but the injury results from a violation by one of the duty which he owes to the injured person; as between the two tortfeasors the act or omission of the one from whom indemnity is sought must be the primary cause of the injury.

6. Automobiles—Owner's Liability Statute—Passive Tortfeasors —Statutes.

A party whose liability is predicated on the owner's liability statute is a passive tortfeasor (MCLA 257.401; MSA 9.2101).

7. Master and Servant—Duty of Employer—Automobiles— Travel to Job Location.

An employer has no legal duty to supervise or control his employees while they jump-start a car in order to drive the car to another job location.

8. Master and Servant—Respondeat Superior—Passive Negligence.

An employer's liability under *respondeat superior* for the negligent acts of an employee is of a secondary nature and is only passive negligence.

9. Indemnity—Automobiles—Owner's Liability Statute—Negligence—Master and Servant—Respondeat Superior.

A defendant automobile owner, who loaned his car to his father and who was held liable under the owner's liability statute to a fellow employee of his father after an accident while jumpstarting the automobile at a job site, is not entitled to indemnification from the employer where the employer was not actively negligent and the employer's liability could only be based on respondeat superior (MCLA 257.401; MSA 9.2101).

Dissent by J. H. Gillis, J.

10. Workmen's Compensation—Fault of Co-Employee—Prohibition of Suit—Case Precedent—Statutes.

*Case precedent permits circumvention of a Workmen's Compensation Act prohibition of suits based on the fault of a fellow employee for an accident arising out of the employment (MCLA 413.15; MSA 17.189).*

11. INDEMNITY—AUTOMOBILES—OWNER'S LIABILITY STATUTE—NEGLI-
    GENCE—FELLOW EMPLOYEE—MASTER AND SERVANT—RESPON-
    DEAT SUPERIOR.

> *Under case precedent an automobile owner who loaned his car to his father and who was held liable under the owner's liability statute to a fellow employee of his father after an accident at a job site is entitled to indemnification from his father's employer, who is liable under* respondeat superior *for the negligence of its employee, and the employer is entitled to indemnification from defendant's father who negligently caused the accident.*

Appeal from Oakland, William R. Beasley, J. Submitted October 17, 1975, at Detroit. (Docket Nos. 21473, 21474.) Decided January 6, 1976.

Complaint by John D. Provencal and Rose Ann Provencal against Robert Parker for damages for injuries sustained while starting a car with jumper cables. Third-party complaint by Robert Parker against Arthur Rohn, Jr., doing business as Arthur Rohn Painters & Decorators, for indemnification. Fourth-party complaint by Arthur Rohn, Jr., against Samuel Parker for indemnification. Judgment for the Provencals. Judgments for Robert Parker and Arthur Rohn, Jr., allowing indemnification. Samuel Parker appeals. Arthur Rohn, Jr., cross-appeals. Judgments of indemnification for Robert Parker and Arthur Rohn, Jr., reversed.

*Coticchio, Zotter & Sullivan, P. C.* (by *Timothy J. Sullivan*), for Robert Parker.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Robert H. Martin* and *Charles A. Huckabay*), for Arthur Rohn, Jr.

*Bell, Hertler & Hopkins, P. C.,* for Samuel Parker.

Before: V. J. Brennan, P. J., and Bashara and J. H. Gillis, JJ.

Bashara, J. This is an appeal arising out of an automobile negligence action. The facts appear to be confusing because of the number of parties involved.

On February 20, 1969 the fourth party defendant, Samuel Parker [hereinafter referred to as Samuel], borrowed a car owned by his son to drive to work. The son was the original defendant, Robert Parker [hereinafter referred to as defendant]. Samuel was employed as a painter by the third party defendant, Arthur Rohn, Jr. [hereinafter referred to as the employer].

At work the employer directed Samuel to proceed to another painting job. Samuel went to his car and encountered difficulty starting it due to a discharged battery. The plaintiff, a co-employee of Samuel, offered assistance in jump-starting the car. The plaintiff pulled his car up to face Samuel's car and attached jumper cables to both cars. In the process of starting the disabled car, Samuel's car slipped into gear and rolled forward pinning the plaintiff between both cars and seriously injuring him.

Plaintiff sued defendant as owner of the car under the owner's liability statute. MCLA 257.401; MSA 9.2101. The defendant instituted a third party complaint for indemnification against the employer, and in turn, the employer instituted a fourth party complaint for indemnification against Samuel, GCR 1963, 204.

On stipulation of the parties the only issues submitted to the jury were those of liability of the defendant and damages to the plaintiff in the principal case. A jury verdict was returned in

favor of the plaintiff. Immediately following the jury verdict the attorneys representing the employer and Samuel stipulated to the above facts and submitted the matter of indemnification to the trial judge. The court found that the defendant was entitled to indemnification from the employer on the basis of the holding in *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972). Likewise, the employer was entitled to indemnification from Samuel on the same theory. Samuel appeals and the employer cross-appeals.

On appeal, Samuel argues that the employer is not entitled to indemnity because the Workmen's Compensation Act, MCLA 413.15; MSA 17.189,[1] prohibits an employee from suing a co-employee for injuries arising out of the course and scope of employment. It is Samuel's position that to indemnify the employer would circumvent the policy of the Workmen's Compensation Act by allowing an employee to do indirectly what he could not do directly. We need not reach this question because we hold that the defendant was not entitled to indemnification from the employer.

Indemnification rests upon the equitable principle of a right to restitution. *Dale v Whiteman, supra.* The theory of indemnity is that where the wrongful act of one results in liability being imposed on another, such other person may have indemnity from the person actually guilty of the wrong. *Hart Twp v Noret,* 191 Mich 427; 158 NW 17 (1916), *Detroit, G H & M R Co v Boomer,* 194 Mich 52; 160 NW 542 (1916), *Village of Portland v Citizens Telephone Co,* 206 Mich 632; 173 NW 382 (1919), *Indemnity Insurance Co of North America*

---

[1] MCLA 413.15; MSA 17.189, was repealed by 1969 PA 317, § 898, effective December 31, 1969, and was replaced by a new Workmen's Compensation Act of 1969, MCLA 418.101 *et seq.;* MSA 17.237 (101) *et seq.*

*v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104
(1946). The party seeking indemnity must plead
and prove freedom on his part from personal fault.
*Indemnity Insurance Co of North America v Otis
Elevator Co, supra, Husted v Consumers Power Co,*
376 Mich 41; 135 NW2d 370 (1965). This has been
interpreted to mean that the party seeking indem-
nity must be free from active or causal negligence,
*McLouth Steel Corp v A E Anderson Construction
Corp,* 48 Mich App 424; 210 NW2d 448 (1973), *lv
den* 391 Mich 754 (1973), *Nanasi v General Motors
Corp,* 56 Mich App 652; 224 NW2d 914 (1974).
There is no right of indemnification between ac-
tual joint tortfeasors or tortfeasors in pari delicto.
*Detroit, G H & M R Co v Boomer, supra, Village of
Portland v Citizens Telephone Co, supra.*

Since indemnification is founded upon equitable
principles, a claim for indemnity will only lie
against a party guilty of "active" negligence. Such
a claim arises where two parties are liable to the
injured person, but the injury results from a viola-
tion by one of the duty which he owes to the
injured person. As between the two tortfeasors the
act or omission of the one from whom indemnity is
sought must be the primary cause of the injury.
See *Daly v Bergstedt,* 267 Minn 244; 126 NW2d
242 (1964).[2]

Our consideration of the principles of indemnity
revolves around the application of *Dale v White-
man, supra,* to the present case. In *Dale* the de-
fendant brought his car to Goldfarb's car wash to
be cleaned. The car was pulled through the car
wash by a chain. Fox, an employee of Goldfarb,
drove the car off the line and over to the drying
area where he hit the plaintiff, a co-employee who

---

[2] This case was cited approvingly in *Dale v Whiteman,* 388 Mich
698; 202 NW2d 797 (1972), in its discussion of the active and passive
tortfeasor theory of indemnity.

was in the process of drying another car. The plaintiff recovered against the defendant under the owner's liability statute. The defendant, in turn, sought indemnification from Goldfarb. The Court in awarding the defendant indemnification stated:

> "In this case, the right to indemnity might be predicated upon the theory of a bailment * * * . Or it might be implied as a part of the undertaking of Goldfarb to wash the car in a workmanlike fashion * * * . We prefer to base such right upon the equitable principle that Whiteman was without personal fault or as the United States Supreme Court reasoned in *Italia Societa per Azioni di Navigazione v Oregon Stevedoring Co, Inc,* 376 US 315, 324; 84 S Ct 748; 11 L Ed 2d 732 (1964): '[L]iability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury.' " *Dale v Whiteman, supra,* at 706.

The holding in *Dale* is unclear and is susceptible to two possible constructions. One possibility is that the right of indemnity was predicated on either the "active" tortfeasor theory or the implied warranty theory used in *Italia, supra.* However, it seems unlikely that liability was predicated on the implied undertaking theory because the *Dale Court* did not prefer to base Goldfarb's liability on an implied undertaking.

A second possible construction is that the language taken from *Italia* in *Dale* only explains the type of negligence, either active or passive, attributable to Goldfarb. Looking at the quote from *Italia* in context is instructive:

> "[L]iability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury. *Where, as here, injury-producing and defective equipment is under the supervision and control of the stevedore,* the shipowner is powerless to

minimize the risk; the stevedore is not." (Emphasis supplied.) *Italia Societa per Azioni di Navigazione, supra,* 376 US 324.

We adopt this construction and find *Dale* to stand for the proposition that the car owner defendant was a passive tortfeasor and was entitled to indemnification against the car wash owner Goldfarb, on the basis that Goldfarb was actively negligent in failing to supervise and control his employees.

In the present case there can be no doubt that the defendant whose liability was predicated on the owner's liability statute was a passive tortfeasor. *Boucher v Thomsen,* 328 Mich 312, 316; 43 NW2d 866 (1950). For the defendant to recover on a theory of indemnity against the employer, it must be found that the employer was an active tortfeasor. The trial judge failed to make any finding of this nature, but rather ruled that the defendant was entitled to indemnification under the holding of *Dale v Whiteman, supra.* This was error. We must determine if we can rule as a matter of law on whether the employer's liability was attributable to active or passive negligence.

In the present case the employer directed Samuel to another painting job. Samuel was unable to start the car and obtained assistance from the plaintiff to help him jump-start the car. When the disabled car started it slipped into gear, rolled forward and pinned the plaintiff between his own car and Samuel's car. We hold as a matter of law there was no legal duty for the employer to supervise or control his employees while they jump-start a car to proceed to another job. If liability attached at all, it must attach on the theory of *respondeat superior,* that is, the employer is liable for injuries to third persons caused by the negligent acts of an employee while in the course and scope of employment. *Loux v Harris,* 226 Mich 315; 197 NW 494 (1924), *Barnes v Mitchell,* 341

Mich 7; 67 NW2d 208 (1954). The employer's liability under *respondeat superior* is of a secondary nature, and therefore is only passive negligence. See *Roe v Bryant & Johnston Co,* 193 F Supp 804 (ED Mich, 1961).

Since both the defendant and the employer were guilty of passive negligence, the defendant was not entitled to indemnification from the employer. See *Roe v Bryant & Johnston Co, supra.* The tortfeasor guilty of active negligence was Samuel and the defendant's action for indemnification should have been against him.

The judgment for indemnification against the employer Rohn, and against Samuel are reversed.

V. J. BRENNAN, P. J., concurred.

J. H. GILLIS, J. *(dissenting).* This is a difficult case for the dissenter to analyze and comprehend. It is perhaps more difficult for the dissenter inasmuch as I agree with the dissent in *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972).

Recognizing the fact that I am bound to follow the majority opinion in *Dale,* I find it difficult to distinguish the rationale utilized in the majority opinion with that utilized in the majority opinion in the instant case.

If we are going to circumvent the Michigan Workmen's Compensation statute, MCLA 413.15; MSA 17.189, as was permitted in *Dale,* then it seems to me that it should be utilized in the instant case. A discussion of the facts in *Dale* and in the instant case and a discussion of the distinction between an act of active or passive negligence would only muddy the waters, and these topics have been covered in the majority opinion.

Unless and until the Michigan Supreme Court retreats from its position in *Dale,* I would affirm the trial court.