GULICK v KENTUCKY FRIED CHICKEN MANUFACTURING
CORPORATION

1. INDEMNITY—WRONGFUL ACTS—LIABILITY.

The theory of indemnity is that where the wrongful act of one
results in liability being imposed on another, such other person
may have indemnity from the person actually guilty of the
wrong.

2. INDEMNITY—NEGLIGENCE—FREEDOM FROM PERSONAL FAULT—AC-
TIVE NEGLIGENCE—CAUSAL NEGLIGENCE.

A party seeking indemnity from another party must plead and
prove freedom from personal fault on his part; this means that
the party seeking indemnity must be free from active or causal
negligence.

3. INDEMNITY—NEGLIGENCE—JOINT TORTFEASORS—TORTFEASORS IN
PARI DELICTO.

There is no right of indemnification between actual joint tortfea-
sors or tortfeasors in pari delicto.

4. NEGLIGENCE—THEORY OF LIABILITY—RESPONDEAT SUPERIOR—PAS-
SIVE LIABILITY.

The *respondeat superior* theory of liability in a negligence action
is based on passive negligence.

5. AUTOMOBILES—NEGLIGENCE—OPERATION OF LAW—OWNER'S LIABIL-
ITY STATUTE—PASSIVE NEGLIGENCE—STATUTES.

Liability by operation of law under the automobile owner's liabil-
ity statute is a passive or secondary liability (MCLA 257.401;
MSA 9.2101).

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indemnity § 11.
[2] 41 Am Jur 2d, Indemnity § 15.
[3] 41 Am Jur 2d, Indemnity § 21.
[4] 57 Am Jur 2d, Negligence § 4.
[5] 57 Am Jur 2d, Negligence § 252.
[6] 73 Am Jur 2d, Summary Judgment § 13.
[7] 73 Am Jur 2d, Summary Judgment § 4.

6. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—FAILURE TO STATE
   CLAIM—COURT RULES.

   All well-pleaded allegations contained in the pleadings are ac-
   cepted as true in considering motions for summary judgment
   on the grounds that the nonmoving party has failed to state a
   claim upon which relief can be granted (GCR 1963, 117.2[1]).

7. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE CLAIM—COM-
   PLICATED ISSUES—JURY—COURT RULES.

   It was improper for a trial judge to grant a motion for summary
   judgment based on the opposing party's failure to state a claim
   upon which relief could be granted where, in granting the
   motion, the judge stated that he felt the issues involved in the
   opposing party's claim were much too complicated for the jury
   to try; this was beyond the scope of the motion (GCR 1963,
   117.2[1]).

Appeal from Wayne, Michael L. Stacey, J. Sub-
mitted December 7, 1976, at Detroit. (Docket No.
25658.) Decided March 1, 1977.

Complaint by Gary Gulick against Kentucky
Fried Chicken Manufacturing Corporation and Na-
tional Car Rental System seeking damages for
personal injuries. Defendants filed a third party
complaint against John A. Griz, M. D., seeking
indemnification. Summary judgment for third
party defendant. Defendants appeal. Reversed and
remanded.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy,
P. C.* (by *John J. Lynch),* for defendants.

*Sullivan, Ranger, Ward & Bone,* for third party
defendant.

Before: BRONSON, P. J., and BASHARA and C. L.
HORN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

BASHARA, J. This is an appeal of an order granting a motion for summary judgment against appellant's third party claim for indemnity, as well as a denial of appellant's motion to amend the third party complaint to add a request for contribution.

On August 22, 1972, the plaintiff, while riding his motorcycle, was involved in a collision with an automobile driven by William C. Spilko. The automobile was owned by the appellant, National Car Rental System (hereinafter referred to as "National"), and leased to appellant, Kentucky Fried Chicken Manufacturing Corporation (hereinafter referred to as "Kentucky"). It was alleged that Mr. Spilko was an employee or agent of Kentucky and operated the automobile with its consent and knowledge.

A lawsuit was commenced by the plaintiff against National and Kentucky. The action sought damages for the injuries suffered by the plaintiff, which included a broken leg.

The plaintiff was treated for his broken leg by appellee, Dr. John A. Griz. On January 18, 1973, the appellee indicated to the plaintiff that he could return to normal activity in one month. While snow skiing on February 24, 1973, the plaintiff refractured his leg at the same location as the original injury. This resulted in further injury and complications to the plaintiff.

The appellants filed a motion to add the appellee as a third party defendant. The appellants claimed they were entitled to indemnity from the appellee for any malpractice that proximately caused the refracture, and for which the appellants faced potential liability in damages. The motion was granted. Appellee responded by moving for summary judgment for failure to state a claim, GCR 1963, 117.2(1), on the indemnity theory. Appellants

then moved to amend their third party complaint to request contribution.

The trial judge granted appellee's motion for summary judgment and denied appellants' motion to amend, in effect dismissing the third party complaint. The court stated:

"[T]his Court does not feel it is the province of the trial Court to extend the law to the extent you desire it. In any event, this Court feels that it would be much too complicated for a jury to try and separate the elements here. I will grant the Motion for Summary Judgment and deny yours."

This appeal arises from the dismissal.

We are of the opinion that the trial court erred in granting appellee's motion for summary judgment. We recently set forth the principles of indemnity in *Provencal v Parker,* 66 Mich App 431, 435–436; 239 NW2d 623 (1976).

"Indemnification rests upon the equitable principle of a right to restitution. *Dale v Whiteman,* [388 Mich 698; 202 NW2d 797 (1972)]. The theory of indemnity is that where the wrongful act of one results in liability being imposed on another, such other person may have indemnity from the person actually guilty of the wrong. *Hart Twp v Noret,* 191 Mich 427; 158 NW 17 (1916), *Detroit, G H & M R Co v Boomer,* 194 Mich 52; 160 NW 542 (1916), *Village of Portland v Citizens Telephone Co,* 206 Mich 632; 173 NW 382 (1919), *Indemnity Insurance Co of North America v Otis Elevator Co,* 315 Mich 393; 24 NW2d 104 (1946). The party seeking indemnity must plead and prove freedom on his part from personal fault. *Indemnity Insurance Co of North America v Otis Elevator Co, supra, Husted v Consumers Power Co,* 376 Mich 41; 135 NW2d 370 (1965). This has been interpreted to mean that the party seeking indemnity must be free from active or causal negligence, *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App

424; 210 NW2d 448 (1973), *lv den* 391 Mich 754 (1973), *Nanasi v General Motors Corp,* 56 Mich App 652; 224 NW2d 914 (1974). There is no right of indemnification between actual joint tortfeasors or tortfeasors in pari delicto. *Detroit, G H & M R Co v Boomer, supra, Village of Portland v Citizens Telephone Co, supra."*

See also *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976).

In the case at bar the appellants faced potential liability on the principle that they are liable for all foreseeable consequences including that a doctor may act negligently in treating the plaintiff's original injury. *Sobotta v Vogel,* 37 Mich App 59; 194 NW2d 564 (1971). Thus if the appellee is found to have acted negligently, the appellants could be chargeable for damages accruing after the refracture.

In the original action the liability that the plaintiff seeks to impose upon Kentucky and National is based upon a passive or secondary theory of liability. With respect to Kentucky the theory of liability is *respondeat superior.* See *Provencal v Parker, supra,* at 438–439.

The theory of liability of National is less clear. The complaint merely alleges that National leased the automobile to Kentucky. However, in the third party complaint National pleads ownership of the automobile. This would give rise to liability by operation of law under the owner's liability statute, MCLA 257.401; MSA 9.2101, which likewise is merely a passive or secondary theory of negligence. *Boucher v Thomsen,* 328 Mich 312, 316; 43 NW2d 866 (1950), *Provencal v Parker, supra* at 438.

In considering motions for summary judgment under GCR 1963, 117.2(1), we accept all well-pled allegations contained in the pleadings as true.

*Bielski v Wolverine Insurance Co,* 379 Mich 280, 283; 150 NW2d 788 (1967). We must accept appellants' allegations that the appellee acted negligently. Since the original complaint only premises appellants' liability on passive or secondary theory of negligence, they would be entitled to indemnity from the appellee for damages apportionable to the refracture, if the appellee is found to have acted negligently.

In granting the motion for summary judgment, the trial judge stated that he felt the issues were "much too complicated for the jury to try". This exceeded the scope of a motion for summary judgment under GCR 1963, 117.2(1). The only question is whether the third party complaint stated a cause of action for indemnity. The court had already ruled on the third party impleader action, and had permitted it by an order dated April 17, 1974.

We need not discuss the applicability of contribution in view of our holding regarding possible damages under the theory of indemnity. See *Gertz v Campbell,* 55 Ill 2d 84; 302 NE2d 40 (1973). See also 18 Am Jur 2d, Contribution, § 39, p 57.

Reversed and remanded for proceedings consistent with this opinion. Costs to abide the outcome.