LANGLEY v HARRIS CORPORATION

Docket No. 45977. Submitted April 21, 1980, at Detroit.—Decided September 19, 1980.

William L. Langley, an employee of defendant King-Seeley Thermos Co. (King-Seeley), was severely injured when a press manufactured and designed by T. W. & C. B. Sheridan Company malfunctioned. T. W. & C. B. Sheridan Company was purchased and succeeded by defendant Harris Corporation. Langley brought suit in Wayne Circuit Court for damages against Harris for negligent design and manufacture, through Sheridan, and against King-Seeley for negligence in knowingly allowing Langley to operate the defective press. King-Seeley was granted accelerated judgment under the exclusive remedy provisions of the Worker's Disability Compensation Act, Roman S. Gribbs, J. That decision was affirmed by the Court of Appeals. Harris thereafter filed a third-party complaint against King-Seeley for indemnity. King-Seeley was granted summary judgment on the grounds that Harris failed to state a claim upon which relief could be granted, Roman S. Gribbs, J. Harris appeals, contending that any liability it might be found to have toward Langley would be liability without the personal fault of Harris and that, therefore, the liability would arise by operation of law and not because of any actual wrongdoing on its part. Harris argues that it is entitled to indemnity from King-Seeley on the theory that the liability should fall upon the party best situated to adopt preventive measures, *i.e.*, King-Seeley, and thereby reduce the likelihood of injury. *Held:*

Harris is not subject to liability that flows from King-Seeley but rather is subject to potential liability flowing from its predecessor corporation, Sheridan, under the theory of continuity of enterprise. This theory holds that products liability may attach to a corporation which acquires the assets of a manufacturer of a product for cash where the totality of the acquisition

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 19 Am Jur 2d, Corporations § 1550.
  63 Am Jur 2d, Products Liability § 5.
[4] 41 Am Jur 2d, Indemnity §§ 9, 15-17.
  63 Am Jur 2d, Products Liability §§ 2, 3.

transaction demonstrates a basic continuity of the enterprise between the seller and the buyer. The successor corporation is made to stand in the shoes of its predecessor and is estopped from denying that it is not the predecessor corporation for the purpose of determining products liability. Because Langley's complaint does not allege that the liability of Harris is in some manner derived from King-Seeley, indemnification is an inappropriate avenue of relief.

Affirmed.

1. Products Liability — Corporations — Sale of Assets — Assumption of Liability.

　　Products liability may attach to a corporation which acquires the manufacturer of the product for cash where the totality of the acquisition transaction demonstrates a basic continuity of the enterprise between the manufacturer and the acquiring corporation.

2. Products Liability — Corporations — Sale of Assets — Assumption of Liability — Estoppel.

　　A corporation which purchases the assets of an enterprise which manufactures a product and holds itself out as in effect a continuation of the original enterprise for the purpose of sales of the product, or omits to deny a continuation of the enterprise, is estopped from denying that it is the original enterprise for the purpose of determining products liability.

3. Products Liability — Corporations — Liability of Successor Corporations.

　　A successor corporation which stands in the place of a manufacturer of a product can be held liable for injuries caused by the product only where it is shown that the manufacturer was actively negligent.

4. Products Liability — Indemnity — Personal Fault — Active Negligence.

　　Being without personal fault is one of the essential prerequisites of indemnity in a products liability case; if active negligence of the party seeking indemnity can be shown, indemnity is not an available remedy.

*Butzel, Long, Gust, Klein & Van Zile* (by *X. Orhan),* for Harris Corporation.

*Harvey, Kruse & Westen, P.C.* (by *Kirt B. DeVries),* for King-Seeley Thermos Co.

Before: V. J. BRENNAN, P.J., and BRONSON and
H. E. DEMING,* JJ.

PER CURIAM. Third-party plaintiff, Harris Corpo-
ration (Harris), appeals as of right the trial court's
grant of summary judgment in favor of third-party
defendant, King-Seeley Thermos Co. (King-Seeley),
denying indemnification to Harris.

This action arises from the third-party aspects of
an industrial accident on January 7, 1977, in
which William L. Langley, an employee of King-
Seeley, was severely injured when a press manu-
factured and designed by the predecessor corpora-
tion of Harris (T. W. & C. B. Sheridan Company)
malfunctioned. Langley brought suit for damages
against both Harris for negligent design and man-
ufacture, through Sheridan, and against King-See-
ley for negligence in knowingly allowing Langley
to operate the defective press. King-Seeley moved
for and was granted summary judgment under the
exclusive remedy provisions of the Worker's Dis-
ability Compensation Act. This Court affirmed that
decision on appeal. After King-Seeley had been
dismissed as a direct defendant, Harris filed a
third-party complaint against King-Seeley for in-
demnity. King-Seeley sought and was granted sum-
mary judgment on the grounds that Harris failed
to state a claim upon which relief can be granted.
GCR 1963, 117.2(1).

Appellant, Harris, contends that any potential
liability to Langley is liability without personal
fault, and that if it is held liable it will be only by
operation of law and not by any actual wrongdo-
ing. Accordingly, it argues it is entitled to indem-
nity from the employer on the basis of *Dale v
Whiteman,* 388 Mich 698; 202 NW2d 797 (1972).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Dale,* the plaintiff employee was injured when a fellow employee ran into him with defendant Whiteman's car while it was being operated through their employer's car wash. Plaintiff brought suit against the car owner, who then sought indemnity from the employer. The Supreme Court ruled that defendant car owner was without personal fault and liability should fall upon the party best situated to adopt preventive measures (*i.e.,* the employer) and thereby reduce the likelihood of injury.

This, however, is not the type of situation present in the case at bar. Harris is not subject to liability that flows from the employer, King-Seeley, but rather is subject to potential liability flowing from its predecessor corporation, Sheridan, under the theory of "continuity of enterprise" as set out in *Turner v Bituminous Casualty Co,* 397 Mich 406; 244 NW2d 873 (1976). *Turner* held that products liability may attach to a corporation which acquires the assets of a manufacturer of a product for cash where the totality of the acquisition transaction demonstrates a basic continuity of the enterprise between the seller and the buyer. The successor corporation is made to stand in the shoes of its predecessor. In effect it is estopped from denying that it is not that company for the purpose of determining products liability. *Id.,* 426.

Since Harris stands in the place of the manufacturer (Sheridan), the only way that Harris could be held liable is to show that the manufacturer was actively negligent. *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58; 248 NW2d 676 (1976). If active negligence is shown, one of the essential prerequisities of indemnity, *i.e.,* being without personal fault, is not legally present. *Id.,* 64. If active negligence is not shown,

Harris would have a complete defense to any liability rather than a basis for a third-party complaint for indemnification against King-Seeley. *Diekevers v SCM Corp,* 73 Mich App 78, 81; 250 NW2d 548 (1976).

Appellant cites *Gulick v Kentucky Fried Chicken Manufacturing Corp,* 73 Mich App 746; 252 NW2d 540 (1977), as authority for the proposition that indemnity may be appropriate even without a showing of a special relationship between the indemnitor and indemnitee. In *Gulick,* an action for indemnity was held proper where it was foreseeable that a doctor might negligently treat the plaintiff's original injury causing further damage. Indemnity was thus allowed when the appellants could be chargeable for negligence through the doctor.

*Gulick* can readily be distinguished from the case at bar on two grounds. First, in *Gulick,* there were two separate injuries that resulted and the law has developed a special relationship between an initial tortfeasor and a subsequent health professional who commits malpractice. See 2 Restatement Torts, 2d, § 457, p 496. Secondly, in *Gulick,* the defendant was alleged to have been vicariously liable for the negligence of the doctor. Accordingly, there was a sufficient relationship between the parties to warrant indemnification. In the case at bar, Langley's complaint does not allege that Harris is vicariously liable for the negligence of King-Seeley. Rather, it alleges that Harris is liable because of the negligence of its predecessor corporation, Sheridan, based upon negligent design and manufacture of the press. *Turner, supra.*

While we recognize that Harris has committed no wrong, the Supreme Court has held as a matter of policy that a successor corporation should bear

the burden of product liability cases even though the corporation is without fault. In short, because the original plaintiff's complaint does not allege that the liability of Harris is in some manner derived from King-Seeley, it is inappropriate to consider indemnification an available avenue of relief.

Affirmed.