BECK v WESTPHAL

Docket No. 75110. Submitted October 11, 1984, at Lansing.—Decided December 27, 1984.

Steven Monnier, an employee of P. F. Collier Company, rented an automobile from Agency Rent-A-Car, Inc., in Wisconsin for the use of William H. Beck and Dennis R. Westphal, also employees of P. F. Collier Company, to sell Collier Encyclopedias in Michigan. Westphal was driving the car near St. Johns, Michigan, when the car left the road and turned end-over-end. William Beck was injured in the accident. Agency Rent-A-Car filed a property damage complaint against Monnier in a Wisconsin circuit court. Monnier did not respond to the action and a default judgment was entered against him. Ten days before the default judgment against Monnier was entered by the Wisconsin court, William Beck filed a personal injury action against Dennis Westphal, Chrysler Leasing Corporation, which had leased the automobile involved to Agency Rent-A-Car, and against Agency in Clinton Circuit Court. Beck alleged that Westphal was negligent, grossly negligent, and reckless in causing the car to turn over and premised Chrysler's and Agency's liability on the owner's liability statute. Apparently, by the time Chrysler and Agency became aware of the Beck action against them, the default judgment had already been entered against Monnier in the Wisconsin case. Chrysler and Agency answered Beck's complaint by stating that neither had

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments § 1225.

[2] 41 Am Jur 2d, Indemnity §§ 28-34.
When statute of limitations commences to run against claim for contribution or indemnity based on tort. 57 ALR3d 867.

[3] 46 Am Jur 2d, Judgments § 394 et seq.

[4] 41 Am Jur 2d, Indemnity §§ 15, 16.

[5] 7A Am Jur 2d, Automobiles and Highway Traffic § 652.
Right of motor vehicle owner liable to injured person because of negligence of one permitted to drive, to indemnity from the latter or the latter's employer to whom vehicle was bailed. 43 ALR2d 879.

[5, 6] 57 Am Jur 2d, Negligence § 4.

[6] 53 Am Jur 2d, Master and Servant § 417 et seq.

rented the car with the knowledge or consent that the car was to be driven by Westphal. Chrysler and Agency subsequently filed a third-party complaint against Monnier and P. F. Collier Company seeking indemnity and contribution from both Monnier and Collier for all damages for which Chrysler and Agency could be held liable in the event Beck was successful in his action against them. Monnier and Collier filed their answers, denying all liability for any damages for which Chrysler or Agency might be held liable. In the meantime, a satisfaction of judgment was entered in the Wisconsin action, thereby disposing of Agency's property damages claim against Monnier. Collier filed a motion for summary judgment in the third-party action as to the contribution claim against it on the ground that the Worker's Disability Compensation Act provided the exclusive remedy. That motion was granted, Timothy M. Green, J. Furthermore, accelerated judgment was granted to both Collier and Monnier on the ground that the third-party action against them is barred under the doctrine of res judicata by virtue of the default judgment entered in the Wisconsin court for the recovery of the value of the rental automobile, and summary judgment was granted in favor of Collier for failure of Chrysler and Agency to state a claim of common-law indemnity upon which relief could be granted. Chrysler and Agency appealed. *Held:*

1. The doctrine of res judicata does not bar the third-party action against Collier and Monnier. The lower court erred in granting accelerated judgment on the basis of res judicata.

2. The lower court erred in holding that Chrysler and Agency failed to state a claim for common-law indemnity.

Reversed and remanded.

1. JUDGMENTS — MERGER — FULL FAITH AND CREDIT.

A judgment which merges a cause of action in the state where it was rendered has a like effect in another state; such recognition is required by the Full Faith and Credit Clause of the United States Constitution, which requires that a foreign judgment be given the same effect that it has in the state of its rendition. (US Const, art 4, § 1).

2. INDEMNITY — ACTIONS.

An action for indemnification does not accrue until liability is legally imposed.

3. JUDGMENTS — RES JUDICATA.

The doctrine of res judicata bars subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceeding.

4. Indemnity — Common-Law Indemnity.

A party seeking common-law indemnity must be free from active negligence; the court looks at the primary plaintiff's complaint in determining this, and if the complaint alleges active negligence on the part of the person seeking indemnification, such person is not entitled to common-law indemnity.

5. Automobiles — Negligence — Owner's Liability Statute — Passive Negligence.

Liability by operation of law under the automobile owner's liability statute is a passive or secondary liability for purposes of determining whether a party has a right to indemnification (MCL 257.401; MSA 9.2101).

6. Master and Servant — *Respondeat Superior* — Passive Negligence.

An employer's liability under *respondeat superior* for the negligent acts of an employee is of a secondary nature and is only passive negligence.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Robert G. Kamenec*), for Chrysler Leasing Corporation and Agency Rent-A-Car, Inc.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Thomas A. Bengtson*), for Steven Monnier.

*Denfield, Timmer & Taylor* (by *Clifford W. Taylor*), for P. F. Collier Company.

Before: Danhof, C.J., and Gribbs and R. M. Shuster,* JJ.

Per Curiam. Chrysler Leasing Corporation and Agency Rent-A-Car, Inc., third-party plaintiffs, appeal as of right from the order of accelerated judgment in favor of Steven Monnier and P. F. Collier Company, the third-party defendants, on the basis of res judicata, GCR 1963, 116.1(5). They also appeal the order of summary judgment in favor of defendant Collier, granted pursuant to

* Circuit judge, sitting on the Court of Appeals by assignment.

GCR 1963, 117.2(1), for failure to state a claim upon which relief can be granted. We reverse.

Plaintiff, William Beck, riding as a passenger, was injured when a car owned by Chrysler, leased to Agency, and driven by defendant Westphal, left the road and turned end-over-end on M-21 near St. Johns, Michigan. Beck, Westphal and Monnier were employees of Collier Encyclopedia Company. Monnier rented the vehicle from Agency in order for defendant Westphal and plaintiff Beck to sell Collier Encyclopedias in Michigan. The vehicle was entrusted to Westphal by Monnier.

On February 9, 1979, Agency filed a property damage complaint against Monnier in the Milwaukee County Circuit Court, through which Agency sought to recoup the amount of property damages sustained to the rented automobile. The basis for the suit was the provision in the rental agreement that Monnier would not permit persons not covered by his insurance policy to drive the vehicle and would not permit the vehicle to leave Wisconsin. Monnier did not respond to the action and, accordingly, on June 11, 1979, a default judgment was entered against him for the economic damage to the rental car, $4,696, with costs and disbursements.

On June 1, 1979, ten days before Agency caused the default judgment to be entered on the property damage case in Milwaukee, plaintiff Beck filed his personal injury action in the Clinton County Circuit Court.

On September 5, 1980, appellants filed their third-party complaint against appellees. In that third-party complaint, they sought indemnity and contribution for all damages for which they could be held liable in the event plaintiff Beck was successful in his action. Summary judgment was granted in favor of Collier as to the contribution

claim by Chrysler and Agency on the ground that the Worker's Disability Compensation Act provided the exclusive remedy. This is not appealed. Furthermore, accelerated judgment was granted to both Collier and Monnier for the reason that the present suit is barred under the doctrine of res judicata by virtue of the default judgment entered for the recovery of the value of the rental automobile. Finally, summary judgment was granted in favor of Collier for failure to state a claim of common-law indemnity upon which relief could be granted.

Appellants initially argue that, because the accident in the instant case occurred in Michigan, the law of Michigan is to be applied in determining whether the present action was merged into the recovery for the value of the automobile in Milwaukee County. Moreover, they argue that the instant indemnity action is based on the equitable principal of restitution, where the wrongful act of one results in liability being imposed upon another, so that it is distinct from a contract action and did not merge in the previous property damage judgment.

A judgment which merges a cause of action in the state where it was rendered has a like effect in another state. Such recognition is required by the Full Faith and Credit Clause of the United States Constitution, which requires that a foreign judgment be given "the same effect that it has in the State of its rendition". *Johnson v Haley,* 357 Mich 411, 418-419; 98 NW2d 555 (1959). See, also, *Bonesteel v Todd,* 9 Mich 371; 80 Am Dec 90 (1861).

Thus, we must examine the law of res judicata as applied in Wisconsin. In determining whether there is an identity of causes of actions or claims, Wisconsin has adopted the "transactional view" of a claim or a cause of action. *Landess v Schmidt,*

115 Wis 2d 186, 192; 340 NW2d 213 (1983). In discussing the "transactional view", the court relied upon 1 Restatement Judgments, 2d, § 24, p 196, which reads as follows:

"(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

"(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations *as whether the facts are related in time, space, origin, or motivation,* whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (Emphasis as in *Landess.)*

The court also quoted a portion of Comment a from that section, which reads as follows:

"The present trend is to see [the concept of] claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; *regardless of the number of primary rights that may have been invaded;* and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split." (Emphasis as in *Landess.)*

In this connection, appellees contend that, because both the judgment for the recovery of the value of the automobile and the instant contractual indemnity claim arose out of the same operative facts, the present claim is merged into the former judgment. The trial court so ruled in grant-

ing accelerated judgment. Had appellants' contractual indemnification claim accrued at the time suit was brought and judgment rendered for the destruction of the automobile, appellees' argument that the present indemnmity suit was merged in the prior judgment would appear correct. However, under the transactional view, among the criteria relevant to a determination of whether the facts are so woven together as to constitute a single claim, are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes. Although the proofs in the indemnity action would be substantially similar to those in the action for the value of the vehicle destroyed in the accident, and both the action in Milwaukee County Circuit Court and the instant one were based on the rental agreement, an action for indemnity had not accrued at the time the first action was brought in Milwaukee County Circuit Court.

An action for indemnification does not accrue until liability is legally imposed. See 41 Am Jur 2d, Indemnity, §§ 29, 31, pp 720-722. Because the doctrine of res judicata relates to matters which were litigated or might have been litigated in a former proceeding, *DePratt v West Bend Mutual Ins Co,* 113 Wis 2d 306, 310; 334 NW2d 883, 885 (1983), and because no cause of action for indemnity had arisen at the time the suit for the value of the automobile was filed in Wisconsin, thereby making any action on the indemnity or contribution claim premature, see 42 CJS, Indemnity, § 25, p 603, the doctrine of res judicata does not bar the instant case.

Appellees cite *Cohan v Associated Fur Farms, Inc,* 261 Wis 584; 53 NW2d 788 (1952), for the proposition that, in Wisconsin, where a suit has already been brought on the original cause of

action and the plaintiff thereafter seeks different relief from the same party in the nature of indemnity, res judicata applies even where that party had no actual notice of its potential liability to another before it had obtained judgment against the original defendant. In *Cohan,* however, the Court held that, where a party had already filed suit and recovered damages for breach of warranty, it could not thereafter sue again for breach of warranty for damages incurred through its sales to a subvendee, even though it had no notice of damages for sales to such subvendee at the time the original suit was filed. 261 Wis 596-598. Thus, its entire breach of warranty action was in existence when it initiated suit, although the extent of its damages was unknown.

In the instant case, the underlying negligence action was not settled until March, 1982. Accordingly, not only was the amount of probable loss unknown, but appellants had no presently-existing cause of action which could have been litigated along with the suit for the destruction of the automobile. Parties are only required to bring actions for which their rights have accrued. Under the circumstances presented in this case, the lower court erred in granting accelerated judgment on the basis of res judicata.

As to the order of summary judgment, appellants analyze the instant case pursuant to GCR 117.2(3). It appears, however, that the motion was brought pursuant to GCR 1963, 117.2(1). Accordingly, we accept as true the well-pled facts in plaintiffs' (appellants') complaint in order to test the legal sufficiency of the pleadings. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 179; 230 NW2d 363 (1975).

Appellants argue that plaintiff Beck's underlying complaint alleged a cause of action under the

owner's liability statute (an allegation of "passive" negligence) against them and "active" negligence on the part of defendant Collier. Thus, appellants conclude, a proper situation for indemnification has been presented.

A party seeking indemnity must be free from "active" (or causal) negligence. *McLouth Steel Corp v A E Anderson Construction Corp,* 48 Mich App 424; 210 NW2d 448 (1973). In order to determine whether the indemnitee was "actively" or "passively" negligent, we must look to the primary plaintiff's complaint. If that complaint alleges "active" negligence on the part of the person seeking indemnification, such person is not entitled to common-law indemnity. *Peeples v Detroit,* 99 Mich App 285, 292-293; 297 NW2d 839 (1980).

Plaintiff Beck's complaint alleges, as against third-party plaintiffs Agency and Chrysler in ¶ 7, as follows:

"That at the aforementioned time, place, and date, the 1978 Dodge automobile driven by defendant, Dennis R. Westphal, was owned in whole or in part by defendant, Chrysler Leasing Corporation, and defendant, Agency Rent-A-Car Inc., and was driven by defendant, Dennis R. Westphal, with the knowledge and consent of said defendants."

Collier claims that as a matter of common verbiage that paragraph alleges active negligence. However, we find this allegation to be indistinguishable from a claim under the owner's liability statute, MCL 257.401; MSA 9.2101, which provides that an "owner shall not be liable * * * unless said motor vehicle is being driven with his or her express or implied consent or knowledge". Such liability by operation of the automobile owner's liability statute is a passive or secondary liability for purposes of determining whether a party has a

right to indemnification, *Gulick v Kentucky Fried Chicken Mfg Corp,* 73 Mich App 746, 750; 252 NW2d 540 (1977), so that plaintiff's complaint does not allege active negligence with respect to appellants.

Collier asserts on appeal that *Reed v St Clair Rubber Co,* 118 Mich App 1; 324 NW2d 512 (1982), stands for the proposition that an allegation of negligent entrustment is an allegation of active negligence. *Reed,* however, dealt with negligent entrustment of inherently dangerous materials. Such a decision is distinguishable from the instant case—an essential element of negligent entrustment where "inherently dangerous" materials are involved is the failure of the principal to see that all appropriate precautions are taken to insure that the inherently dangerous activity will be properly performed. *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68, 72-74; 300 NW2d 737 (1980), *lv den* 411 Mich 955 (1981). *Reed, supra,* is inapposite.

Appellees next argue that a passively negligent party may not sue another passively negligent party for indemnification. This Court held in *Provencal v Parker,* 66 Mich App 431, 438-439; 239 NW2d 623 (1976), that if liability attaches to a party only by virtue of *respondeat superior,* such establishes mere passive negligence, and that a third-party plaintiff is not entitled to indemnification from the third-party employer of the actively negligent party.

Paragraphs 14 and 15 of plaintiffs' complaint allege as follows:

"In his capacity as an employee of P. F. Collier Company, Monnier had a duty to third parties including Chrysler Leasing Corporation and Agency Rent-A-Car, Inc., to exercise a standard of care of a reasonable man

in same or similar circumstances and refrain from allowing the vehicle to be driven beyond the state of Wisconsin *and allowing the vehicle to be driven by an inexperienced unlicensed driver.*

"Notwithstanding such duty, defendant Monnier individually and in his capacity as an agent or servant of P. F. Collier Corporation was negligent in allowing the vehicle to leave the state of Wisconsin, and allowing the vehicle to be used, for the business purposes of P. F. Collier and to be used by a driver not licensed or experienced *when Monnier and/or Collier had knowledge of the dangerous propensities of the driver in question."* (Emphasis added.)

Appellants argue that the underscored portions set forth a claim of active negligence on the part of third-party defendant Collier. In *Provencal, supra,* the Court stated that a passive tortfeasor is entitled to indemnification where the actor against whom indemnification is sought is "actively negligent in failing to supervise and control his employees". 66 Mich App 438. In *Provencal,* no such negligence was found since the negligent activity fell outside the scope of that which the employer had a duty to supervise or control. Here, however, the complaint alleges that Collier allowed the vehicle to be used for business purposes by an unlicensed driver when Collier had knowledge of the dangerous propensities of the driver in question. For purposes of GCR 1963, 117.2(1), these factual allegations must be taken as true. *Borman's v Lake State Development, supra.* Moreover, the activity involved herein was clearly within the scope of appellees' duty to supervise. Accordingly, we cannot say that this allegation is not one of active negligence. The claim of negligence in the instant case against appellees goes beyond the doctrine of *respondeat superior* and is, therefore, distinguishable from *Provencal, supra.* Appellants

have stated a claim for common-law indemnity. However, we express no opinion as to the ultimate validity of their claim.

Reversed and remanded for proceedings consistent with this opinion.