**Linda HATTEN, Next Friend of Mid Wilbur Hatten, a Legally Incapacitated Person, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, a Pennsylvania corporation, and Conrail, Defendants/Third–Party Plaintiffs,**

v.

**Harold W. COSBY and Ellen L. Cosby d/b/a Watson Corners Stop–N–Shop, Third–Party Defendants.**

No. 1:93–CV–748.

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 4, 1994.

William L. Benefiel, Benefiel, Farrer & Glista, Kalamazoo, MI, for Linda Hatten, Mid Wilbur Hatten.

Thomas Raymond Paxton, Lewis, White & Clay P.C., Detroit, MI, for Consolidated Rail Corp., Conrail.

Gary L. Stec, Harvey, Kruse, Westen & Milan, P.C., Grand Rapids, MI, for Harold W. Cosby, Ellen L. Cosby.

### OPINION

QUIST, District Judge.

On December 12, 1992, Mid Wilbur Hattan was injured when he lost control of his pickup truck. Linda Hattan, Next Friend of Mid Wilbur Hattan, filed this action against defendant Consolidated Rail Corporation and Conrail (Conrail) seeking damages for Hattan's injuries. The complaint alleges that Conrail negligently placed, designed and maintained its railroad tracks thereby causing Hattan's injuries. Conrail filed a third-party complaint against Harold W. Cosby and Ellen L. Cosby, d/b/a Watson Corners Stop–N–Shop (Stop–N–Shop) seeking indemnity and/or contribution. Conrail's third party complaint states that Stop–N–Shop provided alcohol to Mid Wilbur Hattan even though he was a minor.

> Third–Party Defendants did breach said duty and did provide Plaintiff with alcoholic beverages to wit: beer, to the extent that the Plaintiff's incapacitated person became intoxicated, drove his vehicle at an excessive rate of speed over and past Third–Party Plaintiffs' railroad tracks. As a result, Mid Wilbur Hatten lost control of the vehicle and suffered a severe closed head injury. All of which was the direct and proximate result of Third–Party Defendants providing the Plaintiff's incapacitated person with the alcohol.

Third–Party Complaint at ¶ 8.

Conrail's third-party complaint requests Stop–N–Shop pay any and all sums Conrail may expend in compensating Hattan including costs, interest and attorney fees. This matter is before the Court on Stop–N–Shop's motion for summary judgment and Rule 11 sanctions.

### Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the nonmoving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. The summary judgment standard mirrors the standard for a directed verdict. The only difference between the two is procedural. Summary judgment is made based on documentary evidence before trial, and directed verdict is made based on evidence submitted at trial. 477 U.S. at 250–51, 106 S.Ct. at 2511.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the nonmoving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## Legal Analysis

Stop–N–Shop claims that it is entitled to summary judgment because Conrail's claim is barred by the Michigan Dram Shop Act. The Dram Shop Act, M.C.L.A. § 436.22(4); M.S.A. § 18.993(4), was amended in 1986. Subsection 4 of the revised Act sets forth who may bring a cause of action:

> (4) Except as otherwise provided in this section, an individual who suffers damage or is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in a sum of not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the damage, injury, or death.

In *LaGuire v. Kain,* 440 Mich. 367, 487 N.W.2d 389 (1992), the Michigan Supreme Court held that neither an imbibing minor nor that minor's estate has a cause of action under the Dram Shop Act. *Id.* at 377, 487 N.W.2d at 393. In *LaGuire,* Michael Mihailuk, a seventeen year old, purchased alcohol from the defendant's night club. After leaving the bar, he drove his car across the center line and collided head-on with another vehicle, killing himself and injuring the other driver, Lisa Lord. Ms. Lord sued the personal representative of the decedent's estate and his parents. The defendants filed cross-claims against the liquor licensee alleging that the bar had wrongfully served alcohol to the decedent. The Michigan Supreme Court held that:

> [B]ecause an intoxicated minor is not an 'individual' who 'suffers damage or is personally injured by a minor or visibly intoxicated person ...,' MCL 436.22(4); MSA 18.993(4), neither the minor nor his estate has a cause of action under the act.

*Id.* at 378, 487 N.W.2d at 394.

Stop–N–Shop argues that Conrail's claim for indemnity and/or contribution is barred by *LaGuire.* Clearly, Hatten has no cause of action against Stop–N–Shop under the Dram Shop Act. Stop–N–Shop insists that Conrail is also barred from pursuing a claim against it. Stop–N–Shop contends that it did not breach a "duty" imposed under the Act. Furthermore, there was no proximate causation under the Act between any of Stop–N–Shop's alleged acts and Hatten's injuries.

Stop–N–Shop insists that the Dram Shop Act is the exclusive remedy for damages arising out of its sale of alcohol to Mr. Hatten. Indeed, the Dram Shop Act specifically provides:

> This section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor.

M.C.L.A. § 436.22(11); M.S.A. § 18.993(11). According to Stop–N–Shop, the Act does not include as plaintiffs corporations whose property was not damaged by the intoxicated person. Stop–N–Shop insists that money damages resulting from a lawsuit do not constitute property damage to an individual, citing *LaGuire* as follows:

> In contrast, [to the former wording of the Act] the new wording of subsection 4 separates the persons who have a cause of action into two distinct classes. First, an "individual" who suffers damage or is personally injured by a minor or visibly intoxicated person is given a cause of action. MCL 436.22(4); MSA 18.993(4). Further, the spouse, child, parent, or guardian of *that* "individual" may also recover. *Id.* Thus, as under the wording of the former act, both persons who are directly injured by an intoxicated person, and persons whose injuries are more indirect and dependent upon another person's injury, such as the loss of means of support, may recov-

er. However, *under the amended wording, the pool of potential plaintiffs who have a cause of action for indirect injury has been significantly narrowed to include only the spouse, child, parent, and guardian of an injured "individual."*

440 Mich. at 380, 487 N.W.2d at 394–95 (emphasis added).

Conrail acknowledges the holding in *La-Guire* but insists that *LaGuire* does not prohibit innocent third parties from maintaining claims against liquor stores that wrongfully sell alcohol to minors. Conrail states that in this case, it is being sued for damages which were directly caused by Stop–N–Shop's breach of the provisions of the Dram Shop Act.

### Contribution

Stop–N–Shop claims that it should be granted summary judgment on Conrail's claim for contribution because it is neither jointly nor severally liable for Hatten's injuries. Michigan's contribution statute, M.C.L.A. 600.2925a; M.S.A. 27A.2925 provides at § 1:

Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.

Stop–N–Shop argues that in order for Conrail to seek contribution from it, Stop–N–Shop must be liable in tort for the same injuries to Hatten which Conrail is alleged to be liable. Stop–N–Shop contends that Conrail cannot satisfy this requirement because Stop–N–Shop has no liability for Hatten's injuries based upon the holding in *LaGuire.*

### Indemnity

■ Stop–N–Shop claims that it should also be granted summary judgment on Conrail's claim for common law indemnity because Hatten's complaint alleges that Conrail was actively negligent.

Defendant was negligent, grossly negligent with willful and wanton misconduct, maintained a nuisance, intentional, public, negligent, trespass, per se, or otherwise, in the following respects....

Plaintiff's Complaint at ¶ 6. Under Michigan law, a party seeking common law indemnity must be free from active negligence. *Paul v. Bogle,* 193 Mich.App. 479, 491, 484 N.W.2d 728, 734 (1992). In order to determine if the defendant was "actively" negligent one looks to the plaintiff's complaint. If the complaint alleges "active" negligence on the part of the person seeking indemnification, that person is not entitled to common-law indemnity. *Beck v. Westphal,* 141 Mich.App. 136, 144, 366 N.W.2d 217, 221 (1984).

Stop–N–Shop claims Hatten's allegations that Conrail engaged in negligent conduct in the placement of the railway crossing eliminates any claims it may have for common law indemnity. Conrail counters that the allegations in Hatten's complaint do not constitute active negligence. According to Conrail, its answer denies each and every allegation of active negligence.

This Court heard oral argument on Stop–N–Shop's motion for summary judgment on June 13, 1994. At the conclusion of the hearing, the Court granted Stop–N–Shop's motion for summary judgment with regard to the issue of indemnity. The Court also provided the parties an opportunity to submit supplemental briefs with respect to the contribution issue. No supplemental briefs have been filed.

■ A claim under the Dram Shop Act arises solely out of that statute. As interpreted by *LaGuire,* the plaintiff does not have a claim against Stop–N–Shop. Therefore, Stop–N–Shop cannot be a person who could become "jointly or severally liable in tort for the same injury," as is required for a claim under Michigan's contribution statute. Accordingly, this Court now finds that the exclusive remedy provision of the Dram Shop Act precludes a third-party claim against Stop–N–Shop on a contribution theory.

Therefore, Stop–N–Shop's motion for summary judgment will be GRANTED. Howev-

er, the Court will not impose Rule 11 sanctions as requested by Stop–N–Shop.